May it please the Court, my name is Ben Guilford and I represent Appellant Universal Electronics. This appeal is taken from the Board's decision in validating certain claims in Universal's U.S. Patent No. 9847083. The 083 patent is directed to an improved method for configuring a universal remote with voice command capabilities. The claims of the 083 patent recite causing a codeset record to be provisioned to a controlling device and further specify that the provisioned codeset record comprises protocol and formatting information. Today, I'd like to discuss three main points. First, the claims of the 083 patent require that the claimed protocol and formatting information must be included in the provisioned codeset record itself. Second, the Board erroneously rewrote the claims to merely require storing information about protocol and formatting. Third, once the claims are correctly construed, the prior art fails to disclose what is claimed. So, at the top of page 20 of your blue brief, you say, quote, the claimed protocol and formatting information must be contained and stored in the provisioned codeset record itself. Where are you getting that? Where are you getting the requirement that it must be contained in the codeset record itself? Nothing about contained in the claims, right? I think just so that we're all on the same page, the construction we're advancing, I think, is best illustrated at appendix page nine, which is in the Board's final written decision. It's at note one. And at appendix page nine, the Board agreed with Universal that the claims require the claimed protocol and formatting information be included in the provisioned codeset record itself. I'm sorry. On page nine, under claimed construction? Yep. And it's footnote one. Okay. So, what they accept is Petitioner doesn't appear to dispute this assertion, which is consistent with the plain language reciting, blah, blah, blah. Right. So, when it says the Board should... This is the Board quoting patent owner. So, it says the Board should construe the challenge claims to require that the claimed protocol and formatting information be included in the claimed provisioned codeset record itself. And then, you know, they say that there's no dispute and that's supported by the claim language. So, that would be Universal's construction of the provisioned codeset record. Can I ask you a question just for clarification? I think what you're... So, I understand. You're saying that protocol and formatting information has to be separate from the function itself, right? Is that right? The function? I think that was a... Just so I understand. Let me finish so that I explain this correctly. So, it has to be separate in that it can't be that the function itself provides, because it's in the right protocol and format. It itself can't be providing the protocol and formatting information by virtue of its form. Is that what you're saying? I don't believe so, Your Honor. I think that was a separate argument we advanced before the Board, but it's not the subject of the appeal. The position is that the codeset record, the one that's provisioned to the controlling device, has to have actually in it actual protocol and formatting information. So, it can be... It just has to be somewhere in that provisioned codeset record. The real... In other words, if there is something, say it be a signal or a function, that is in the right format and using the right protocol to operate a particular device, and it's in the record, the codeset record, then that's good enough for you. Is that what you're saying? Theoretically, the example you provided with a signal being in the codeset record, I wasn't quite sure from the Board's decision if that's what they were saying, but to the extent they were, that simply doesn't make sense. A signal is light. It's radio waves. It's what's sent from the remote control to a controlling device. You can't store a signal. I think, just so we're all on the same page, I'd like to point the panel to appendix page 960, which is a portion of Aginski. This is the main prior art reference that Roku relied on. I'm looking at appendix page 960, approximately lines 8 through 10, to actually back up a  It says, in the embodiment shown, the notation used in signal columns 112-1 and 112-2 denote the type of signal as well as the code or code sequence of the signal. Aginski's telling us right there exactly what's in the alleged codeset record. It's an indication of a type of signal as well as the code or code sequence of the signal. As far as the protocol and formatting information goes, what Roku and the board focused on was the indication of the type of signal. I guess, circling back to your original question, Your Honor, if, theoretically, an indication of a type of signal was itself protocol and formatting information or a portion of it, then I don't think there would be a dispute here, but the simple fact is that an indication of a signal type is not itself protocol and formatting information. You're multiple layers of extraction away from the actual information you're using to create and send, for example, a Bluetooth signal. That's really the central dispute here. The board took Universal's proposed construction, agreed with it, and then, at appendix page 40, proceeded to reconstruct the claim, presumably to make the prior art fit. If we look at appendix page 40, it's right at the top. The board stated that the claims merely require storing some information about protocol and formatting in the code set record, such as a code denoting the type of signal. And, Your Honors, storing some information about protocol and formatting is fundamentally different than storing protocol and formatting information itself. For example, information about protocol and formatting encompasses mere references to protocol and formatting. That would include maybe an indication of which type of protocol and formatting to look up, or an indication of where to obtain protocol and formatting from. If you look at figure 1B on appendix page 950, what do you think that box, what do you think that depicts? My understanding is that was being read on the code set in the claim. Right, that whole big box would be the provision code set record, and then a small portion of that is the protocol and formatting information. And what do you think is the... Well, I think that they pointed to the thing that's called signal 1112-1. Am I right? I'm sorry. I misheard you. I heard 7B from the 083 patent. You are talking about figure 1B from Majinski. Yeah, because you were talking about that patent. My apologies. So, yes. So, that's page A950. Got it. Would you mind giving me the question again, just so that we're all on the same page? I was asking you... It's my understanding that the board was identifying this memory as being the code set. Yes. Mapping on the code set. Yes. Okay. And identifying signal 112-1 in particular as the thing that provided the required protocol and formatting information. That column. Yeah. Can you tell me why you think that's wrong? Sure. You said before a signal can't be in a code set. I'm just using the language signal because that's what's in this picture. Understood, Your Honor. So, signal column, there's two that they kind of point to. So, 112-1 is at the top part and then 112-2 is at the bottom. They're both generally depicting the same thing. If we look at appendix page 960, which I mentioned a little earlier, again about lines 8-10, this is where Adjinsky tells us exactly what those notations in the signal column mean. They say it means, I'm directly quoting here, the notation used in signal columns... You're on column 9. About lines 7-10. Towards that first paragraph of column 9 in Adjinsky. It says, in the embodiment shown, the notation used in signal columns 112-1 and 112-2 denote the type of signal as well as the code or code sequence of the signal. The board and Roku focus on the type of signal for protocol and formatting information. Again, our position, Your Honor, just so that we're all on the same page, is that an indication of the type of signal is not protocol and formatting information. So, I'm sure this will come up when Roku's counsel is before you, but there was a lot of discussion in Roku's brief about whether Universe is arguing that all of the protocol and formatting information, or only some of it, has to be in the provision code set record. And I think that kind of just dances around the main issue, which is that Adjinsky doesn't have any protocol and formatting information in the alleged provision code set record. And again, this stems back to, is an indication of a signal type protocol and formatting information, or does it just help you figure out...  It's not column formatting information. Is it Bluetooth? Is it IR? What is it? Right. So, for example, let's say signal column 112-1 indicates Bluetooth. You're multiple levels of abstraction away from where the actual protocol and formatting information is. So, the system has to say, OK, we're sending a Bluetooth signal. Where is the stuff for the Bluetooth protocol? I've got to go figure out where that is. And then it has to go actually look it up. So, you're multiple levels of abstraction away from the actual protocol and formatting information itself. Your view is that all of it, all of that has to be in the code set, not just identifying some of it that allows you to go somewhere else to get the rest of it. That is not our position. I think both parties agree that there has to at least be some of the actual protocol and formatting information in the provision code set record. This court doesn't need to determine the exact quantum of protocol and formatting information that needs to be in there to rule in Universal's favor. The issue, again, is that there's simply no protocol and formatting information in the alleged provision code set record. So, again, all we have here is an indication of a single type. That's not protocol and formatting information. The system still needs to actually go find that stuff. And there's no evidence anywhere in the record that the system is getting that protocol and formatting information from Ajinsky's alleged code set record. So your view is that a single type is not protocol and formatting information?  Again, the system has to actually go look it up from somewhere, and we have no idea where that somewhere is. See, I'm into my time here, but I just want to briefly point out that Roku's theory and the theory the board adopted is that Ajinsky discloses this limitation. So there has to be either an express or inherent disclosure. Here we simply don't know where the system is actually getting the protocol and formatting information. Thank you. Good morning. May it please the Court. Again, Scott McKeown of Wolf Greenfield for Appellee Roku. My understanding of the briefing is that this was about claim construction. I'm surprised to hear opposing counsel say that this isn't about a amount of protocol and information. That was my understanding of the briefing. That's what they argued in their briefing, that it was the complete set. Everything needed to be in the code record. So now we seem to be getting into what the prior art is teaching, which I don't understand to be Nevertheless, as pointed out in Ajinsky, there is a signal in that column. So the board relied on three different ways that Ajinsky teaches protocol and formatting information, which is important. It's not a protocol. They wrote the claims to recite protocol and formatting information. That can be any level of information at any level of abstraction. So for example, if you have a signal and it's coded IR, infrared, that signal is going to have a code, it's going to have a format, you press the button, the device that you're shooting it at understands the protocol and format. That was one way the board found the claim met. The other way was that in some cases where you have multiple protocols and formats, you might have a designation of Bluetooth, you might have a designation of coded IR. The remote needs to know which protocol to use. So it will look to that protocol and formatting information, and whether it has to look it up later doesn't matter. It doesn't say directly in the claim Sure. So the patent itself just talks about protocol and formatting information. There's nowhere in the patent that talks about you have to use all of it. Specifically, in the final written decision, the board relied on some examples in the patent that talked about certain carrier frequencies, certain CRC codes and formatting. If I could find the mention of it here in the record. Is it column 10 of the patent itself? Column 10 lines 48 to 55 Is that what you were referring to? Sorry your honor, which appendix page are you looking at? It's appendix page 96. Column and line, sorry. Column 10 lines 47 to 55 Yes Thank you your honor. So the patent itself talks about for example, and these are examples of physical layer protocols they're given as illustrative examples, frame size carrier frequency, etc. So again going back to Aginski when there's an option to use Bluetooth or coded IR and the function that you're trying to accomplish has a designation of Bluetooth in the code set record the remote is using that information, because that's all the claims require is using the information. It doesn't say that it has to be a physical layer protocol actually stored there. It doesn't say all of the procedures need to be stored there. There's nowhere in the patent that would require that kind of narrowing construction. Their argument and response would be this doesn't mention whether it's Bluetooth or infrared or whatever it is and instead it goes to a level of depth that's lower than that. That's correct your honor. So and your response to that is The response to that would be the same response that they heard from the board, which is the specification clearly describes these as examples, not that every protocol and format that has these kinds of characteristics, all of that needs to be stored in the code set record. Instead, the way that the remote would work again, if you have a function that's using coded IR or Bluetooth, you'll see the designation okay, I have Bluetooth, I've got a Bluetooth transmitter in the remote, I've got an IR transmitter in the remote, I'm going to kick off that process to transmit this code out. And those processes would provide the information like the carrier frequency, data frame size and those details? In some cases, if it were not, for example if you only had coded IR and there were no other choices in the remote that would be stored directly in the code set record so that was the first example that the board relied on. The signal is designated as a signal in Aginski that's number one. Number two there are separate designations of Bluetooth IR, etc. And then thirdly, Aginski teaches this sort of catch all with you can use any protocol that you find helpful to convey this information from one point to another. So the board relied on three independent bases to again map the claim construction to the art, but the briefing is mostly about the claim construction being erroneous and the basis for that is just that, well during the deposition of this technical expert that made clear that they weren't testifying on claim construction they were explaining how protocol and formatting works in a general engineering sense and therefore we should take everything that expert said and then port that into a claim that's much broader and recites protocol and formatting information. It's information that's used, that's it. It doesn't have to be anything specific, it doesn't have to be this laundry list of physical layer characteristics in column 10 it just has to be information and the board pointed out three different ways to get at that. Is there no further questions? Happy to rest in the briefing. A couple quick points, your honors. Council said that the protocol and formatting information doesn't have to be anything specific I don't think that's accurate especially in terms of how the board construed protocol and formatting information. Sticking to the claim construction what do you think the board held with its claim construction? So at appendix page 40 the board stated that the claims merely require this is at the very top of appendix page 40 they said the claims merely require storing some information about protocol and formatting in the code set records such as a code denoting the type of signal. So the fundamental disconnect between the parties positions is storing information about protocol and formatting the same as storing the protocol and formatting information itself. Our position is that those are fundamentally different things and I think as Roku's council pointed out, their position you could look up the protocol and formatting information itself from somewhere else. But our view is that the claims clearly require that the provision code set record comprises protocol and formatting information. That information has to actually be in the code set record. It doesn't have to be all but it has to be at least some and at appendix page 9 I believe the board agreed with us but when they analyzed the prior art they rewrote the claims I think to make the prior art fit and that's just not simply not what the claims say. At least some actual protocol and formatting information has to be in the code set record itself. And an indication of a signal type is not protocol and formatting information. Your argument with respect to claim construction is not that the board's claim construction was incorrect but that they misapplied it to the prior art. Is that the essence of your argument? No your honor. The board did misconstrued the claim. They took the claim term which is the provision code set record comprising protocol and formatting information and rewrote it to say that you only have to have some information about protocol and formatting. So you're really emphasizing this information about point. Absolutely. The concern I have about that is that I think that might have just been language because it said language about protocol and formatting could be stored elsewhere. The other language about protocol and formatting could be stored elsewhere and then later in just a few lines below in the next paragraph it says as noted above that all of the protocol and formatting be included in the code set record. I feel like you're reading a lot into their phrase information about protocol and formatting when they were actually talking about protocol and formatting. Well I think they tell us exactly what they meant when they apply the prior art to the claim. They're saying that an indication of a signal type fits the claim but when you really think about it. I think they think that it is protocol and formatting information. Not that it's merely about it. Just so that we're on the same page your honor at appendix page 21 the board construed protocol and formatting information as information needed to transmit a signal from one device to another in a way that the receiving device can make sense of and use the signal. That's extremely specific type of information as you discussed with Roku's console. It seems like frame length and stuff like that. It's really technical stuff that you use to help send this code. I get that those are examples but that's the type of information we're talking about. When you have an indication of a Bluetooth signal you're multiple layers of extraction away from that stuff that we're talking about. And so it sounds like you are now saying that code denoting the type of the signal is not protocol and formatting information. I think that's been our position throughout but that is a factual question isn't it? I think it's tied with this construction because again our position is that some information about protocol and formatting is extremely different from at appendix page 9 where they agreed with us that the claimed protocol and formatting information has to be included in the provision code set record itself. So our position is those are two very different constructions and also clearly affects the application of the art to the claims based on how you're thinking through the intrinsic evidence protocol and formatting information cannot include the type of signal like is it in you know Bluetooth or wifi or infrared or whatever it is. Absolutely and just as a matter of common sense frankly your honor. Okay time's up. Thank you your honors.